THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO TORRES, Defendant and Appellant.

No. 12473.  Argued November 3, 1947.—Decided November 24, 1947.

*Francisco González, Jr.,* for appellant.  *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez,* Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

A complaint was filed in the Municipal Court of San Lorenzo against "Sellés y Pablos"; Juan A. Sellés, Manuel Pablos, and Antonio Torres for a violation of Act No. 31 of 1943, in that on August 12, 1946, in the establishment of Se-

llés y Pablos, in San Lorenzo, said defendants sold three-fourths of a pound of codfish to Aniceto Lozado Rosa for the amount of twenty-two cents, that is, at the rate of thirty cents a pound, which exceeds the price of twenty-three cents a pound of codfish fixed by Regulation 183 issued by the Administrator of Prices. In said court Manuel Pablos was acquitted and Sellés and Torres were convicted. They appealed to the District Court of Humacao and, after a trial *de novo,* said court acquitted Sellés and sentenced Torres to serve one month in jail and to pay a fine of $200. In the present appeal appellant assigns four errors, of which we shall dispose in the same order in which they have been stated.

■ Appellant maintains that the lower court erred in overruling the demurrer for insufficiency. He urges that, since the complaint was filed against "Sellés y Pablos", Juan A. Sellés, Manuel Pablos, and Antonio Torres, without specifying "what or who is 'Sellés y Pablos' although it is stated that the facts occurred in the establishment of Sellés y Pablos," the complaint does not adduce sufficient facts, inasmuch as if said firm were a partnership it should have been specified that the other defendants were managing partners, employees, or agents thereof, for otherwise the prosecution could not be brought against the defendants individually. Appellant invokes *People* v. *Cacho,* 46 P.R.R. 193, and *People* v. *Barquet,* 19 P.R.R. 753, in support of his contention.

In our opinion appellant is wrong. Precisely in *People* v. *Barquet, supra,* we held that "In regard to the appellants, as they and not the mercantile firm of Barquet Hermanos were the accused, the former were subject to the jurisdiction of the said district court as presumed offenders." And in *People* v. *Cacho, supra,* we held that the fact that a person trades under a partnership name is not conclusive proof of the existence of such partnership.

In the case at bar the complaint does not contain any allegation against "Sellés y Pablos" as a partnership. It is

716

rather a surplusage to have included said name, since the complaint charges individually the defendants Sellés, Pablos, and Torres with having performed certain acts in an establishment by the name of "Sellés y Pablos," which is apparently the trade name under which the defendants do business in San Lorenzo. Under these circumstances, it was not necessary to allege that appellant was a partner of, or his relationship with, said firm.[1] The first error assigned was not committed.

■■ In the second assignment, appellant urges that the lower court erred in overruling the demurrer for lack of jurisdiction, as Act No. 31 of 1943 is unconstitutional.

Appellant admits that many of his arguments have already been decided against him in *Irizarry* v. *District Court,* 64 P. R.R. 90, but he contends that there is one that has not been decided by this Court, that is, that Act No. 31 of 1943 is unconstitutional inasmuch as its title does not set forth all the matters contained in the Act. In support of this assignment appellant merely copies the title of Act No. 31 of 1943 and states that "A mere examination of the title of this Act under the light of the provisions of § 34 of the Organic Act and under the light of the decision of this Court in *Rodríguez* v. *District Court,* 60 P.R.R. 894, seems sufficient to support the error assigned."

Appellant has not argued, as he was bound to do,[2] this assignment. To say, without further argument, that a title of an Act is in conflict with the Organic Act and with our decisions, is a mere conclusion. Notwithstanding this, we have again examined the provisions contained in said Act and we find nothing that might be considered at variance with the title—as happened in *Rodríguez* v. *District Court, supra*—or not germane to the purposes set forth in the title thereof.

■ The third error assigned is to the effect that the conviction is not supported by the evidence. The latter was con-

---

[1] It was proved at the trial that he was a salesman in the establishment.
[2] Rule 11 of our Rules.

flicting and that for the prosecution, which was believed by the court, was sufficient to establish the offense charged. It is not claimed that the lower court acted with passion, prejudice, or partiality in weighing the evidence, and, therefore, we cannot disturb the conclusion of the court. *People* v. *Cardona,* 63 P.R.R. 618, and *People* v. *Santiago,* 64 P. R.R. 560.

█ Lastly, appellant maintains that the sentence of one month in jail and a fine of $200 herein is excessive, and he cites *People* v. *Ramos, ante,* p. 66.

In said case we stated that, taking into consideration the special circumstances involved, the sentence of two months' imprisonment was excessive, and we modified it by sentencing the defendant to pay a fine of $50. The present case does not show such special circumstances as would warrant the modification sought. On the contrary, this is a sale of a staple commodity at a price higher than that fixed by the Office of Price Administration, and we do not think that the court abused its discretion in imposing said penalty.

The judgment is affirmed.